# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN W. SCHURKO ) | |
|    Petitioner ) | |
| ) | Criminal No. 03-10335-MLW |
| v. ) | Civil Action No. 16-cv-11219 |
| ) | |
| UNITED STATES OF AMERICA ) | |
|    Respondent ) | |

### GOVERNMENT'S MOTION TO STAY LITIGATION PENDING SUPREME COURT'S DECISION IN *BECKLES V. UNITED STATES*

The United States of America respectfully moves this Court to stay the litigation in this 28 U.S.C. §2255 matter pending the U.S. Supreme Court's decision in *Beckles v. United States*, Docket No. 15-8544. In support of this motion, the government states as follows:

1. In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the U.S. Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §924(e)(2)(B)(ii), which defines the term "violent felony" to include an offense that "involves conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague. In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Court held that *Johnson* announced a substantive rule of constitutional law that applies retroactively to ACCA cases on collateral review. The Court has not held that *Johnson* applies to the United States Sentencing

1

Guidelines (although that is the government's position), or that it applies retroactively on collateral review in Guidelines cases. It is the government's position that *Johnson* does not apply retroactively on collateral review in Guidelines cases. *See* Brief of the United States in Opposition (filed May 13, 2016), *Jones v. United States*, Docket No. 15-8629 (U.S.), available at http://www.scotusblog.com/wp-content/uploads/2016/06/15-8629-Jones-v.-US-Brief-in-Opp-FINAL.pdf.

2.   On Monday, June 27, 2016, in *Beckles v. United States* (No. 13-13569), the Supreme Court granted a petition for a writ of *certiorari* to address, *inter alia,* (a) whether *Johnson* applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in USSG §4B1.2(a)(2) (defining "crime of violence"), which is identical to the ACCA's residual clause, and (b) whether *Johnson*'s constitutional holding applies to the residual clause in USSG §4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review.

3.   This case presents the precise issues raised in *Beckles*. The government submits that it would not be productive for this Court to analyze and adjudicate the complex retroactivity questions that are now before the Supreme Court. Moreover, it seems likely, now that the Supreme Court is reviewing these issues, that either party is likely to notice an appeal from an adverse ruling on this

issue in any district court case, and that any appeal would likely be stayed by the U.S. Court of Appeals for the First Circuit. In these circumstances, it would be prudent for this Court to stay litigation in this case. Defense counsel has assented to the government's request for a stay, but only for a period of three months.

## CONCLUSION

For these reasons, the government respectfully requests that the Court issue an order staying further litigation in this case until the Supreme Court decides *Beckles* and inviting the government to file a response to the petitioner's 28 U.S.C. §2255 petition within 30 days after the Supreme Court issues its decision in *Beckles*.

    Respectfully submitted,

    CARMEN M. ORTIZ
    United States Attorney

By:  /s/ *Lori J. Holik*
    Lori J. Holik
    Assistant U.S. Attorney

## RULE 7.1 CERTIFICATION

The government certifies that it has conferred with counsel for the petitioner and that we have been able to reach only that agreement that is set forth in paragraph number 3, above.

    /s/ *Lori J. Holik*
    Lori J. Holik
    Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

  I, Lori J. Holik, AUSA, hereby certify that on 7/21/2016, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

              /s/ *Lori J. Holik*
              Lori J. Holik
              Assistant U.S. Attorney